# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>JAE MICHAEL BERNARD,<br>　　　　Defendant. | Case No. 22-cr-3-CJW<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO WITHDRAW PLEA** |

_____

## I.　INTRODUCTION

The matter before me is Defendant's Motion to Withdraw Plea.[1] (Doc. 54.) The Government timely filed a resistance. (Doc. 62.) Defendant filed a timely reply. (Doc. 66.) Counsel did not request an evidentiary hearing or to make oral arguments. For the following reasons, I respectfully recommend that the District Court grant Defendant's Motion to Withdraw Plea.

## II.　FINDINGS OF FACT

On January 6, 2022, the grand jury returned a three-count indictment, with one count against Defendant charging him with knowingly possessing a firearm while knowing that he had previously been convicted of a misdemeanor crime of domestic violence. (Doc. 3 at 1-2.) Defendant's misdemeanor conviction was for domestic abuse assault causing injury in 2002, approximately 20 years prior to Defendant's January 6,

---

[1] Although Defendant submitted a Conditional Motion to Withdraw Plea and Motion to Dismiss Indictment, the only issue addressed in this Report and Recommendation is whether Defendant's Motion to Withdraw Plea should be granted. If the Court adopts my recommendation on the Motion to Withdraw, it may, of course, assign the Motion to Dismiss to me for a report and recommendation or address the issue without such a report.
1

2022 indictment. (Doc. 3 at 2.) On June 9, 2022, Defendant appeared before me and pleaded guilty to Count 1 of the Indictment, Possession of Firearms by a Person Convicted of Domestic Violence, in violation of 18 U.S.C. Sections 922(g)(9) and 924(a)(2). (Doc. 35.) Under 18 U.S.C. Section 922(g)(9), it is unlawful for any person convicted of a "misdemeanor crime of domestic violence" to ship, posses, or receive any firearm or ammunition. On June 9, 2022, I filed a Report and Recommendation recommending that the Court "accept Defendant's guilty plea and adjudge Defendant guilty." (*Id.*) (emphasis omitted.) On June 24, 2022, the Honorable Judge C.J. Williams accepted my June 9, 2022, Report and Recommendation (Doc. 35) and Defendant's plea since there were no objections by the parties. (Doc. 42.) The instant motion was filed 87 days later, i.e., on September 19, 2022.

On June 23, 2022, the United States Supreme Court in *New York State Rifle and Pistol Association, Inc. v. Bruen*, held unconstitutional the State of New York's penal code provision that made it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy "proper cause" by "demonstrate[ing] a special need for self-protection distinguishable from that of the general community." 142 S.Ct. 2111, 2117 (2022). The Court rejected the "two-step" analysis for Second Amendment challenges developed after *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010). *Id. Bruen* built on the test set forth in *Heller* and *McDonald*, holding a firearm regulation valid under the Second Amendment when (1) "modern and historical regulations impose a comparable burden on the right of armed self-defense," and (2) "that regulatory burden is comparably justified." *Id.* at 2118. Courts may use analogies to historical regulations to determine whether a modern regulation has a historical precursor. *Id.* "[D]etermining whether a historical regulation is a proper analogue for a distinctly modern firearm

2

regulation requires a determination of whether the two regulations are 'relevantly similar.'" *Id.* at 2132.

### III. THE PARTIES' POSITIONS

Defendant argues that he should be allowed to withdraw his plea because the constitutionality of 18 U.S.C. Section 922(g)(9) is called into question by the Supreme Court's recent decision in *Bruen*. (Doc. 54 at 1-2.) Defendant contends that under the revised test set forth in *Bruen*, 18 U.S.C. Section 922(g)(9) violates the Second Amendment because there is no historical analogue for prohibiting persons convicted of misdemeanors from possessing firearms. (*Id.* at 2, 4.) Defendant argues that regulations prohibiting persons convicted of misdemeanor domestic violence from possessing firearms did not exist until 1996 when Congress amended the 1968 Gun Control Act to include 18 U.S.C. Section 922(g)(9). (*Id.* at 2.) Additionally, Defendant argues that founding-era legislation did not preclude firearm possession based on felon status and the only thing close to a ban of firearm possession based on criminality were some proposals in state ratifying conventions, relating to rebellion or public injury. (*Id.*) Although Defendant concedes that historical analogues existed for prohibiting "unvirtuous citizens" from possessing firearms, this related to those that opposed the cause of the nation. (*Id.* at 3.) Defendant contends that the change in law under *Bruen* is a fair and just reason to withdraw his plea. (Doc. 66 at 1.)

The Government argues that Defendant does not have a fair and just reason to withdraw his plea and did not even discuss the factors necessary to find a fair and just reason set forth in *United States v. Boone*, 869 F.2d 1089, 1091-92 (8th Cir. 1989). (Doc. 62 at 4.) The Government contends that Defendant carries the burden to show fair and just grounds for withdrawal and Defendant did not allege any deficiency by counsel, dissatisfaction with his plea, his attorney, or indicate any stress or compulsion to plead guilty. (*Id.* at 5.)

3

The Government argues that *Bruen* protects the rights of law-abiding citizens to carry a handgun outside the home for self-defense, not persons convicted of misdemeanors for domestic violence. (Doc. 62 at 6, 8.) According to the Government, a person convicted of a misdemeanor crime of domestic violence is not a law-abiding citizen. (*Id.* at 9.) The Government also asserts that domestic abusers have historically been restricted from the ownership and possession of firearms. (*Id.* at 10.) The Government relies upon a proposal at the Pennsylvania ratifying convention which prevented the disarming of the people except for "crimes committed" or "danger of public injury." (*Id.*) Although there were no regulations preventing those convicted of misdemeanors from possessing firearms, the Government contends that felonies are analogous according to case law and historically the legislature may disarm those with a proclivity for violence, which includes those who have been convicted of a crime of domestic violence. (*Id.* at 11, 13.) The Government argues that domestic violence has been regulated historically, although not in the fashion of 18 U.S.C. Section 922(g)(9), but there is historical analogue allowing for the protection against domestic violence. (*Id.* at 14-15.)

Additionally, the Government contends Defendant's motion was filed almost three months after the decision in *Bruen* and just days before objecting to the presentence report, which indicates doubts concerning his plea. (*Id.* at 18.) The Government argues that it will be prejudiced if Defendant is allowed to withdraw his plea because it would need to "locate and subpoena witnesses and make trial preparations." (*Id.* at 19.)

## IV. DISCUSSION

"A Defendant has no absolute right to withdraw a guilty plea." *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). A district court may allow a Defendant to withdraw his guilty plea if he shows a "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), but a guilty plea should not "be set aside lightly." *United States v. Prior*,

107 F.3d 654, 657 (8th Cir. 1997). "The defendant bears the burden of showing fair and just grounds for withdrawal." *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) (quoting *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006)). "When a Defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

> Even if such a fair and just reason exists, before granting the motion a court must consider "whether the Defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005).

*United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006).

Although the Eighth Circuit does not directly state whether an intervening change in law is a fair and just reason for withdrawal of a guilty plea, other circuits have liberally applied the standard to include an intervening change in law. *See, e.g.*, *United States v. Ortega-Ascanio*, 376 F.3d 879, 884, 887 (9th Cir. 2004) (the Ninth Circuit found an intervening Supreme Court decision that overruled circuit precedent allowing plausible grounds for dismissal of the defendant's indictment to be a fair and just reason for withdrawing his plea since a "[f]air and just reason[ ] for withdrawal include[s] inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea"); *United States v. Ensminger*, 567 F.3d 587, 594 (9th Cir. 2009) ("The general rule is that an intervening change in governing law may operate as a fair and just reason to withdraw a guilty plea . . . this development in the law-whether

by rule, statute, caselaw, or otherwise-should provide the defendant with a previously unavailable ground sufficient to provide some material relief."); *United State v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) ("[P]re-sentence change in Supreme Court precedent that bears on a defendant's legal innocence may constitute a fair and just reason for permitting the withdrawal of the plea."); *United States v. Presley*, 478 F.2d 163, 166, 168 (5th Cir. 1973) (the Fifth Circuit found that the defendants should have been able to withdraw their pleas when a Supreme Court case decision implicating their indictments was decided after the defendants pleaded *nolo contendere* but before sentencing,); *United States v. Andrade*, 83 F.3d 729, 731 (5th Cir. 1996) ("[W]here intervening law has established that a defendant's actions do not constitute a crime and thus that the defendant is actually innocent of the charged offense . . . [w]e have previously permitted attacks on guilty pleas on the basis of intervening decisions modifying the substantive criminal law defining the offense.").

In *United States v. Knight*, 96 F.3d 307, 309 (8th Cir. 1996), the Eighth Circuit considered whether a change in law that altered the basis for the defendant's plea was a fair and just reason for withdrawing the guilty plea. The defendant agreed to plead guilty to drug conspiracy and the Government agreed not to indict the defendant for carrying a firearm during a drug trafficking crime. *Id*. However, after the defendant pleaded guilty, the Supreme Court found that mere possession of a firearm during a drug trafficking offense was not sufficient to convict under the statute, which made it possible that the defendant did not qualify for conviction. *Id*. The Eighth Circuit did not find this a fair and just reason to withdraw plea because the Government had dropped the charges for this offense against the defendant along with several other drug offenses in exchange for his plea. *Id*. The Eighth Circuit did not establish a method to evaluate a change in law for withdrawing a defendant's guilty plea other than evaluating the facts in this one situation. *See id*.

6

### A. *Whether Defendant has Shown a Fair and Just Reason to Withdraw his Guilty Plea*

To be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999) (citation omitted). Federal Rule of Criminal Procedure 11 requires a court when taking a guilty plea to conduct a colloquy with the defendant to ensure that the district court only accepts a knowing, voluntary, and intelligent guilty plea. Fed. R. Crim. P. 1l(b)(l)-(3) (requiring the court to advise the defendant of the rights he is giving up by pleading guilty, question the defendant regarding the voluntariness of his decision to plead guilty, and determine that a factual basis exists for the plea).

This is an unusual case insofar as Defendant does not argue there were deficiencies with his plea at the time it was made. Based on the information known to Defendant and the Court at the time he entered his guilty plea, he entered his plea knowingly, voluntarily, and after adequate representation by counsel and his colloquy with the Court during his change of plea hearing. (Doc. 35.)

Rather, Defendant argues that it is fair and just to allow him to withdraw his guilty plea because the constitutionality of 18 U.S.C. Section 922(g)(9) is called into question by the Supreme Court's June 23, 2022 decision in *Bruen*. Defendant argues that under the revised test set forth in *Bruen*, 18 U.S.C. Section 922(g)(9) violates the Second Amendment because there is no historical analogue for prohibiting persons convicted of misdemeanors from possessing firearms. In contrast, the Government argues that domestic violence has been regulated historically, although not in the fashion of 18 U.S.C. Section 922(g)(9), and there is historical analogue allowing for the protection against domestic violence. I need not determine which argument will succeed, only whether it is plausible that Defendant's indictment may be dismissed due to the change in the law.

Here, I find, without predicting any outcome, that Defendant presents a plausible argument that his indictment may be dismissed under the new test in *Bruen*. *Bruen* built on *Heller* and *McDonald*, finding a firearm regulation valid under the Second Amendment when (1) "modern and historical regulations impose a comparable burden on the right of armed self-defense," and (2) "that regulatory burden is comparably justified." 142 S.Ct. at 2118. Since the criminalization of a misdemeanant domestic offender's possession of a firearm may ultimately be deemed to be a relatively new concept, it is at least plausible that 18 U.S.C. Section 922(g)(9) may be found to violate the Second Amendment if the Court does not find a comparable analogue. Again, I make no prediction regarding the Court's ultimate decision. I only conclude that Defendant, under these circumstances, should have the opportunity to have the merits of his constitutional argument considered.

### B.    *Whether Defendant Asserts his Legal Innocence*

Having concluded that Defendant has a fair and just reason to withdraw his plea based on a change in law, the Court's analysis should discuss the remaining three factors. *United States v. Wojcik*, 60 F.3d 431, 434 (8th Cir. 1995); *United States v. Abdullah*, 947 F.2d 306, 311-12 (8th Cir. 1991). Therefore, I will analyze the remaining factors set forth in *United States v. Boone* that "are to be considered in determining whether to allow a pre-sentence motion to withdraw a plea":

> [1] whether defendant asserts his legal innocence of the charge; [2] the length of time between the guilty plea and the motion to withdraw; and [3] if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

869 F.2d 1089, 1091–92 (8th Cir. 1989).

In *Ortega-Ascanio*, the Ninth Circuit considered whether a recent Supreme Court decision entered after the defendant pleaded guilty but before sentencing was a fair and just reason for withdrawing the defendant's plea. 376 F.3d at 881-82. The Ninth Circuit held that an intervening Supreme Court decision providing the defendant with a plausible

ground for dismissal of his indictment was a fair and just reason for granting a motion to withdraw a guilty plea. *Id.* at 887. The Ninth Circuit notes that a claim that an intervening Supreme Court decision provides the defendant with plausible grounds for dismissal of his indictment is "essentially an assertion of legal innocence." *Id.* at 883. Here, Defendant does not deny that he committed the elements of the charged crime. In that since he does not claim innocence. However, he does assert that the charge to which he has pleaded is unconstitutional and, therefore, he argues the charges against him should be dismissed.

Since I have already found that Defendant had a fair and just reason to withdraw his plea because of his plausible ground for dismissal of his indictment under the new test set forth in *Bruen*, I also find that Defendant has also successfully asserted his legal innocence of the charge.

### C.  *Whether the Length of Time Between the Guilty Plea and the Motion to Withdraw Supports Granting Defendant's Motion*

"An assertion of innocence-even a 'swift change of heart after the plea'-does not constitute a 'fair and just reason' to grant withdrawal." *Morrison*, 967 F.2d at 268 (quoting *United States v. Devins*, 646 F.2d 336, 337 (8th Cir. 1981)). Here, Defendant filed his motion to withdraw his guilty plea almost three months after the Supreme Court's decision in *Bruen* and just days before filing objections to the presentence report. (Doc. 62 at 18.) The Government argues that Defendant's conduct shows "misgivings" about the guilty plea. (*Id.*) The Eighth Circuit has affirmed denials of motions to withdraw with delays as little as two to four months. *See., e.g.*, *United States v. Vallery*, 108 F.3d 155, 158 (8th Cir. 1997) (holding the fact that over four months passed between the defendant's guilty plea and his motion to withdraw his guilty plea supported the district court's decision to deny the motion); *Boone*, 869 F.2d at 1092 (denying the defendant's

9

motion to withdraw where the defendant did not assert his legal innocence and he waited two months before filing his motion to withdraw his guilty plea).

Here, the Government focuses on the length of time between the guilty plea and the motion to withdraw, as well as on the proximity of the instant motion to Defendant's objections to the presentence investigation report. I find it more appropriate to focus on the proximity of certain events to the issuance of the *Bruen* decision. Defendant pleaded guilty on June 9, 2022. On June 23, 2022, *Bruen* was issued. The next day, on June 24, 2022, Judge Williams accepted my Report and Recommendation regarding the guilty plea. Thus, Defendant did not have the benefit of *Bruen* to inform his decision to plead guilty or object to my Report and Recommendation. The motion filed 87 days later cannot reasonably called a model of celerity. Nevertheless, the implications of *Bruen* might be wide-ranging and not evident on its face. On the contrary, a motion of this nature seems to call for some historical research to assure it is not being filed improvidently. Thus, I conclude this factor weighs in favor of permitting Defendant to withdraw his guilty plea.

### *D.     Whether the Government Would be Prejudiced if the Motion was Granted*

I find the Government would not be significantly prejudiced were the Court to permit Defendant to withdraw his guilty plea. The Government argues that it would be prejudiced if Defendant's motion were granted because "it would need to locate and subpoena witnesses and make trial preparations." (Doc. 62 at 19.) This hardly constitutes prejudice. These activities are merely those the Government would have had to undertake if Defendant had never entered a guilty plea. Having to repeat this work might constitute some prejudice. "[A]llowing [a defendant] to withdraw his plea and forcing the government to prepare its case once again would prejudice the government." *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999). *See also United States v. Miell*, 711 F. Supp. 2d 967, 991 (N.D. Iowa 2010) (finding prejudice where the

government would be required to prepare for trial a second time, (citing *Durham*, 178 F.3d at 799)). The Government is not arguing that it has to repeat any work. Nor has the Government asserted any other prejudice such as the disappearance or death of witnesses. This factor weighs in favor of granting Defendant's motion to withdraw plea.

## V. CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **GRANT** Defendant's Motion to Withdraw Plea. (Doc. 54.)

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

DONE AND ENTERED at Cedar Rapids, Iowa, this 26th day of October, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa